**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| REX S. GUNTHER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-440 ACL |
| | ) | |
| DAVID SCHMITT, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Rex S. Gunther petitions the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court will direct petitioner to show cause why the petition should not be dismissed as untimely or for failure to exhaust state remedies.

In November of 1983 petitioner was found not guilty of the charge of assault in the second degree, restraint in the second degree and use of a weapon by reason of insanity. He is civilly committed at the Southeast Missouri Department of Mental Health in Farmington, Missouri. He seeks release from confinement on the grounds that he was not properly advised of the consequences of pleading not guilty by reason of insanity and because he has been denied due process under the law.

In general, a habeas petitioner has one year from the date his judgment becomes final to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d). To the extent that petitioner is challenging the 1983 order committing him to the custody of the Department of Mental Health, his petition appears to be time-barred. However, Missouri allows civilly committed persons to apply for conditional release on a yearly basis. Mo.Rev.Stat. § 552.040.13.

So, to the extent that petitioner may be challenging a **recent** conditional release hearing[1], the petition may be timely. **In that case, it is not clear whether petitioner has exhausted his state remedies by appealing the denial of conditional release.**

Therefore, the Court will order petitioner to show cause why his petition should not be summarily dismissed. *See* 28 U.S.C. § 2254, Rule 4. Petitioner must state whether he is challenging the 1983 order committing him to the custody of the Department of Mental Health or whether he is challenging the denial of conditional release. If petitioner is challenging the denial of conditional release, he must name the court where the hearing took place, as well as the case number, and whether he appealed from the court decision, and provide the court with the case number of the appeal. Furthermore, petitioner must articulate the facts that he believes entitle him to conditional relief. Failure to comply with this Order will result in the dismissal of this case.

Accordingly,

**IT IS HEREBY ORDERED** that, within thirty (30) days of the date of this Order, petitioner must show cause why the petition should not be dismissed.

**IT IS FURTHER ORDERED** that within thirty days of the date of this Order, petitioner must pay the five dollar ($5) filing fee or file a motion to proceed in forma pauperis in this Court.

---

[1]The Court has reviewed the record on Missouri.Case.Net and been unable to find any evidence of a recent conditional release hearing or appeal relating to petitioner.

**IT IS FURTHER ORDERED** that the Clerk shall provide petitioner with a form for filing a motion to proceed in forma pauperis in a habeas corpus action.

Dated this 18<u>th</u> day of March, 2019.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE