UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| REX S. GUNTHER, | ) |
| Petitioner, | ) |
| v. | ) No. 4:19-CV-440 SNLJ |
| DAVID SCHMITT, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of petitioner's response to the Order to Show Cause.[1] Having carefully reviewed petitioner's response, the Court concludes that his arguments are without merit and that the instant action is time-barred under 28 U.S.C. § 2244.

### Background

On March 18, 2019, Rex Gunther filed a petition pursuant to 28 U.S.C. § 2254 seeking release from confinement from Southeast Missouri Department of Mental Health in Farmington, Missouri. He alleged in his petition that in November of 1983, when he was charged with assault in the second degree, he was not properly advised of the consequences of pleading not guilty by reason of insanity and he was denied due process under the law.

Because a civil detainee has one year from the date his judgment becomes final to file a federal petition for writ of habeas corpus, 28 U.S.C. § 2244(d), the Court ordered petitioner to

---

[1]On March 18, 2019, the Court ordered petitioner to show cause as to why the Court should not dismiss the instant application for writ of habeas corpus as time-barred.

show cause why his petition should not be dismissed as time-barred.[2] In his response brief, petitioner asserts:

> Up to the age 37 years old [he] had no violations of the law. A former St. Louis County Police Officer, D.S.N. #513. In military was an Infantryman Paratrooper who fought in combat in 1965 at Dominican Republic and in 1966 in Vietnam. Been exposed to Agent Orange which has caused complications in his health. Presently 73 years old and has been committed to MO DMH 37 years.

Plaintiff states that the first three grounds of his petition "explain themselves," and ground four "can be verified" by his psychologist at the Department of Mental Health. Plaintiff simply states that he does not believe he has a mental illness and that he should not be committed to the Department of Mental Health.

Despite petitioner's assertions regarding the merits of his petition, this Court has reviewed the docket on Missouri Case.Net and it does not appear that petitioner has applied for release under § 552.040 to any state court which is required prior to bringing his application for relief in federal court. As a result, petitioner's application for writ of habeas corpus will be dismissed due to his failure to exhaust his available state remedies.

Accordingly,

---

[2] The Court noted that if petitioner was seeking review of a request for conditional or unconditional release, pursuant to Mo.Rev.Stat. § 552.040.13, he would need to provide evidence prior to proceeding that he had exhausted his state court remedies by appealing the denial of his conditional or unconditional release. *See Beaulieu v. Minnesota*, 583 F.3d 570, 575 (8th Cir. 2009). To satisfy the exhaustion requirement, a person confined in the Missouri State Hospital must apply for release under section 552.040 before filing a petition for a writ of habeas corpus. Additionally, if the application for release is denied, the confined person must appeal to the Missouri Court of Appeals. *Kolocotronis v. Holcomb*, 925 F.2d 278, 279 (8th Cir.1991) (internal citation omitted).Petitioner has indicated in his response brief that he is "contesting [his]commitment to MO DMH and not a conditional release hearing."

IT IS HEREBY ORDERED that petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED AND DISMISSED for failure to exhaust his state court remedies**.

IT IS FURTHER ORDERED that the Court will not issue a certificate of appealability.

Dated this 17th day of June, 2019.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE